■　　In the Matter of the Claim of ANNE E. MAJOR, Respondent, v. NEW YORK STATE COURT OF CLAIMS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—*Per Curiam.* Appeal from a decision of the Workmen's Compensation Board, filed March 20, 1968, which affirmed an award of death benefits to the widow of Charles T. Major, deceased employee. Appellants contend that there was no accident within the meaning of the Workmen's Compensation Law and that there is no substantial evidence of causally related death. There was testimony that decedent was a Judge of the Court of Claims of the State of New York usually holding court for two weeks, sitting from 10:00 A.M. until 12:30 P.M. and from 2:00 P.M. until 5:00 P.M., followed by two weeks off the bench; that starting in January, 1962 an unusual drive was started at the Governor's direction to clean up a "number of years" backlog of cases and Judge Major worked from nine in the morning until six or seven in the evening; and that, after trying cases in Albany for two weeks in June,

he resumed trial work at Syracuse without the usual two-week "break". It was testified further that during the six months prior to death the Court of Claims disposed of 2,134 cases out of a backlog of 3,325, a result never before accomplished, decedent terminating 35% more cases than during the same period of the previous year and disposing of more than any other Judge of his court with one possible exception; that during his final Syracuse term he was observed to be tired and fatigued, under pressure or tension and with peculiar complexion; that he asked that an additional Judge be sent to Syracuse but the Presiding Judge was unable to comply; that at one time, noting he did not look well, the Presiding Judge suggested to decedent that he go home and go on vacation, decedent refusing and expressing anxiety that cases be finished; that near the end of the term there was an exasperating case in which the Judge threatened to hold persons in contempt on many occasions; and that decedent was hospitalized on June 30, 1962 with a condition diagnosed as pulmonary edema or congestive heart failure, with death ensuing the next day. It has been held that undue anxiety, strain and mental stress from work are frequently more devastating than a mere physical injury, the courts taking cognizance of this fact in sustaining awards where no physical impact was present (*Matter of Carrasquillo* v. *Santini Bros.*, 13 N Y 2d 245, 248; *Matter of Klimas* v. *Trans-Caribbean Airways*, 10 N Y 2d 209, 213; *Matter of Schechter* v. *State Ins. Fund*, 6 N Y 2d 506, 510), and the board could find, if it chose, that the evidence outlined above supported a conclusion that decedent's death resulted from an industrial accident (*Matter of Sandroff* v. *Bakery & Confectionery Workers Union, Local No. 3*, 29 A D 2d 585; *Matter of Davis* v. *Drug & Hosp. Employees Union*, 24 A D 2d 1059, mot for lv. to app. den. 17 N Y 2d 421; *Matter of Goodwin* v. *New York State Workmen's Compensation Bd.*, 20 A D 2d 951, affd. 15 N Y 2d 508; *Matter of Lobman* v. *Altmann Corp.*, 19 A D 2d 931, affd. 15 N Y 2d 506). An internist, who saw patient the day before death and who examined hospital records and testimony of lay witnesses relative to decedent's work, testified, without objection by appellants, that in his opinion the extra exertion under considerable stress to which decedent was subjected, superimposed on his underlying condition, was a definite factor in hastening death. Appellants' specialist testified that the death was not causally related to the work. The selection of the opinion of claimant's expert is an exercise of the fact-finding power which is entirely within the province of the board, it not being this court's function to decide which expert opinion is deemed to be more weighty or persuasive (*Matter of Palermo* v. *Gallucci & Sons*, 5 N Y 2d 529, 532–533; *Matter of Margolis* v. *Camp Roosevelt*, 30 A D 2d 897). It cannot be said that the testimony accepted is incredible as a matter of law (*Matter of Ernest* v. *Boggs Lake Estates*, 12 N Y 2d 414) and it must, therefore, be accounted as substantial evidence supportive of the board's finding (*Matter of Sineni* v. *Sun Tire Sales*, 26 A D 2d 706). This matter is distinguishable from *Matter of Burris* v. *Lewis* (2 N Y 2d 323), where claimant's only medical witness "failed to establish that this man died from any unusual strain connected with his work or otherwise" (p. 326). Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Cooke, JJ., concur in memorandum *Per Curiam*.